UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SAMUEL GOWERIE,

                      Plaintiff,

              -against-                  **SUMMARY ORDER OF REMAND**
                                                  17-CV-1447 (DLI) (LB)

CROWN FORKLIFT CO.,

                      Defendant.
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

        On March 15, 2017, defendant Crown Equipment Corporation ("Defendant"), filed a Notice of Removal to remove this action from the Supreme Court for the State of New York, Queens County, to this Court. *See* Not. of Removal by Def. ("Not. of Rem."), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded *sua sponte* to the state court.[1]

## BACKGROUND

        On January 31, 2017, plaintiff Samuel Gowerie ("Plaintiff") commenced this action in the state court alleging that he was injured while operating a forklift. *See* Verified Complaint ("Ver. Compl."), Dkt. Entry No. 1-2 at ¶¶ 5-14. Plaintiff, an employee of the New York City Transit Authority, was operating the forklift in the scope of his employment at a depot in Brooklyn, New York, on January 15, 2016. *Id*. at ¶¶ 5-6, 8-9. Defendant had performed repairs and maintenance on the subject forklift and installed a plastic shield around the operator's cab to protect the operator from the weather. *Id*. at ¶¶ 8-10. While operating the forklift on that day, "Plaintiff was . . . struck in the face with the aforesaid plastic shield, [and] he was caused to sustain serious and permanent injuries." *Id*. at ¶ 14.

---

[1] Defendant implies that it is misidentified as "Crown Forklift Co." in the caption of the proceeding. *See* Not of Rem. at 1.

On March 15, 2017, Defendant removed the case to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Not. of Rem. at ¶¶ 3-8. For citizenship, Defendant asserts that it is a citizen of Ohio and Plaintiff is a citizen of New York. *Id*. ¶¶ 3-4; *see also* Ver. Compl. at ¶¶ 1-3. As to the amount in controversy, while the Verified Complaint does not state an amount of damages, Defendant insists that the allegations of injuries permit it to "reasonably ascertain that [P]laintiff seeks recovery in an amount in excess of $25,000.00, exclusive of interest and costs . . . ." *Id*. at ¶ 8. Neither the Notice of Removal nor the Verified Complaint contain any allegations of fact establishing the amount in controversy. Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This statute as authorizes a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (internal citations omitted).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in

2

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp.3d 149, 156 (E.D.N.Y. 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Here, Defendant fails to meet its burden to show that the jurisdictional amount has been satisfied, as it relies solely on Plaintiff's conclusory assertion that he was injured, has suffered "pain, shock and mental anguish," and that he is unable to "perform [his] normal activities and duties." *Compare* Ver. Compl. at ¶ 17, *with* Not. of Rem. at ¶¶ 6-8. Defendant concedes that the Verified Complaint does not specify an amount in controversy. Not. of Rem. at ¶ 6. The Notice of Removal does not describe any attempt by Defendant to ascertain an amount of damages. *See generally*, *Id*.

Similarly, Defendant cannot meet its burden by relying on the face of the Verified Complaint because it neither alleges an amount of damages or provides any specific information concerning the nature and extent of Plaintiff's injuries or the treatment received. Accordingly, the Court is left to guess at the amount in controversy based on the boilerplate allegation that as a result of being hit with the plastic casing, Plaintiff:

> was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries [he] has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform [his] normal activities and duties and has sustained a resultant loss therefrom.

*Id*. at ¶ 17. Based upon these allegations, Plaintiff simply claims that he "was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id*. at ¶ 18. Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or ampifie[d] in any way the extent of plaintiff's injuries or damages."). As Defendant has failed to meet its burden, this Court lacks subject matter jurisdiction over this case.

The Court notes that Defendant was not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to N.Y. C.P.L.R. 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id*. Rather than prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Consequently, the Court finds that based on the information contained in the Verified Complaint and the Notice, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 701470/2017.

SO ORDERED.

Dated: Brooklyn, New York
April 10, 2017

/s/
DORA L. IRIZARRY
Chief Judge